OPINION
{¶ 1} Appellant, Attorney Christopher Schiavone, appeals from a Mahoning County Probate Court order finding he was entitled to $725 for ordinary legal fees and $150 for extraordinary legal fees.
 {¶ 2} In February of 2004, Patricia Boldt of Children and Family Services retained appellant to represent her in the establishment of an emergency guardianship of the person and the estate of Mary Simballa. The probate court appointed Boldt first as emergency guardian and then later as permanent guardian of the person and the estate. Appellant represented her throughout these proceedings. In addition, appellant represented Boldt from July 2, 2004, when she transferred her duties as guardian of the estate to a successor guardian until she filed her final account.
 {¶ 3} On November 12, 2004, appellant filed his application for ordinary and extraordinary legal fees. Appellant attached a counsel fee schedule for the requested ordinary fees pursuant to Mahoning County Probate Court Loc.R. 71.4. Appellant also attached a statement of services for the requested extraordinary fees. Appellant requested $1,175 for ordinary fees and $760 for extraordinary fees. Without holding a hearing on the issue of fees, the probate court reduced appellant's fees to $725 for ordinary fees and $150 for extraordinary fees. Appellant filed a timely notice of appeal on January 7, 2005.
 {¶ 4} Because appellant's two assignments of error are closely related, we will address them together. They state respectively:
 {¶ 5} "THE MAHONING COUNTY PROBATE COURT ERRED BY REDUCING APPELLANT'S REQUESTED COMPENSATION FROM $1175.00 TO $725.00 FOR ORDINARY SERVICES AND FROM $760.00 TO $150.00 FOR EXTRAORDINARY SERVICES APPELLANT, THE ATTORNEY OF RECORD FOR PATRICIA BOLDT OF CHILDREN FAMILY SERVICES, INC., GUARDIAN OF THE PERSON AND ESTATE OF MARY SIMBALLA, PROVIDED TO THE GUARDIANSHIP BECAUSE SUCH DECISION WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE AS TO REASONABLE SERVICES RENDERED TO THE GUARDIANSHIP BY APPELLANT [sic]."
 {¶ 6} "THE MAHONING COUNTY PROBATE COURT ABUSED ITS DISCRETION IN ORDERING COMPENSATION TO APPELLANT FOR ORDINARY SERVICES IN THE AMOUNT OF ONLY $725.00 AND EXTRAORDINARY SERVICES IN THE AMOUNT OF ONLY $150.00."
 {¶ 7} Appellant asserts that the probate court's decision was against the manifest weight of the evidence and constituted an abuse of discretion. Pursuant to Loc.R. 71.4, appellant contends that he submitted an application for the determination of attorney fees, and he attached a statement of services for extraordinary fees that described in great detail the services required and performed on behalf of the guardianship. Nevertheless, appellant asserts that the probate court, arbitrarily and without explanation, reduced his total requested fees by approximately 55 percent. In addition, appellant argues that the probate court did not allow him to introduce evidence as to the services performed and the reasonable value of those services. He contends that this was an abuse of discretion, especially considering that this court has remanded cases back to the probate court for hearings in similar situations.
 {¶ 8} It is within the probate court's sound discretion to award reasonable attorney fees. In re Estate of Fugate (1993),86 Ohio App.3d 293, 298, 620 N.E.2d 966. Thus, we will not reverse an award of attorney fees absent an abuse of discretion. An abuse of discretion connotes more than an error of law or judgment; it implies that the court's attitude was unreasonable, arbitrary, or unconscionable. In re Estate of Geanangel, 147 Ohio App.3d 131,768 N.E.2d 1235, 2002-Ohio-850, at ¶ 32. The Tenth District set out our standard of review in Watters v. Love (1965), 1 Ohio App.2d 571, 579,206 N.E.2d 39, stating:
 {¶ 9} "Exclusive original jurisdiction to determine reasonable attorney fees being in the Probate Court, the only questions before the Court of Appeals on appeal on questions of law are whether the judgment awarding fees is against the manifest weight of the evidence or contrary to law. If either against the manifest weight of the evidence or contrary to law, final judgment of modification cannot be rendered on reversal, but the cause must be remanded to the Probate Court for further proceedings according to law."
 {¶ 10} Thus, we must determine whether the probate court's award of fees is against the manifest weight of the evidence or is otherwise contrary to law.
 {¶ 11} This court has previously stated:
 {¶ 12} "`The decision as to the amount of appropriate attorney fees to be awarded * * * involves a review of the actual work, time and efforts of the petitioning attorney and the law.' Sluss v. Hillyer (June 14, 1999), 5th Dist. No. 1998CA00342, at 1. The probate court may not make a determination of `reasonableness' based solely on the case file or local court guidelines. Rather, the probate court must take evidence and judge the value of the work performed by the attorney. Id." In re Estate ofCampbell, 7th Dist. No. 02-CA-186, 2003-Ohio-7040, at ¶ 12.
 {¶ 13} Additionally, in determining the reasonableness of requested fees, the probate court should also consider the factors contained in the Code of Professional Responsibility, which are:
 {¶ 14} "(1) The time and labor required, the novelty and difficulty of the questions involved, and the skill requisite to perform the legal service properly.
 {¶ 15} "(2) The likelihood, if apparent to the client, that the acceptance of the particular employment will preclude other employment by the lawyer.
 {¶ 16} "(3) The fee customarily charged in the locality for similar legal services.
 {¶ 17} "(4) The amount involved and the results obtained.
 {¶ 18} "(5) The time limitations imposed by the client or by the circumstances.
 {¶ 19} "(6) The nature and length of the professional relationship with the client.
 {¶ 20} "(7) The experience, reputation, and ability of the lawyer or lawyers performing the services.
 {¶ 21} "(8) Whether the fee is fixed or contingent." DR 2-106.
 {¶ 22} In the present case, appellant requested $760 for extraordinary services rendered. Appellant attached a detailed list that included a chronology of the dates he rendered the services, the time he expended on each service, and the compensation requested for the particular service, which totaled 7.6 hours at a rate of $100 per hour. Appellant's attachment appears to comply with the requirements of Loc.R. 71.4(C), which provides:
 {¶ 23} "Additional or extraordinary compensation may be allowed upon an application, signed by the attorney of record and the fiduciary, setting forth a chronologically itemized statement of all extraordinary services, the time expended in rendering each such service and the amount of compensation requested. Further, the itemization of fees shall reflect services rendered by Attorneys only, not paralegals, secretaries or the like."
 {¶ 24} With respect to ordinary fees, appellant submitted a counsel fee schedule that listed eight items totaling $1,175. Seven of the items request $150 for the preparation of certain applications and corresponding judgment entries. The other item requests $125 for the final account. It appears that here too, appellant complied with Loc.R. 71.4(A)(3), which provides that upon proper application, counsel may be paid "$150.00, for the preparation of each necessary application and/or motion and accompanying order."
 {¶ 25} In its order however, the probate court never mentioned the items appellant listed. In examining appellant's request for fees, it appears as though the court went through the lists of services and simply crossed some of them out. It then stated in its entry that it was fully advised in the case and that the services rendered by appellant "were, asadjusted, reasonable and necessary to the proper administration of the within Guardianship." (Emphasis added.) The court then found that "upon consideration of the factors delineated under DR 2-106 and the Local Rules of Court, the services rendered and performed * * * are reasonably worth the sum of $725.00, and extraordinary legal fees are reasonably worth the sum of $150.00.
 {¶ 26} The probate court provided no reasons or justification to support its order in reducing appellant's fees nor did it hold an evidentiary hearing on the matter. In Campbell, we noted, "because the trial court elected not to conduct a hearing on fees, it is difficult to discern how it reached the conclusion that it did." Campbell, 7th Dist. No. 02-CA-186, at ¶ 24. We are faced with the same situation here.
 {¶ 27} As the Eleventh District noted in In re Estate of Murray, 11th Dist. No. 2004-T-0030, 2005-Ohio-1892, at ¶ 26:
 {¶ 28} "The probate court is not bound to follow any precise formula in determining the reasonableness of fees. However, for this court to be able to conduct any meaningful review of the trial court's exercise of its discretion, we must be able to discern some basis for its decision. In the present case, it is uncertain whether the probate court found the number of hours unreasonable, whether the rate charged was unreasonable, * * *, or whether the court was motivated by some other consideration. Without understanding the basis for the probate's court reduction of * * * [the attorney] fees, our affirmance would be nothing more than a `rubber stamp' of that decision."
 {¶ 29} The same rationale applies to this case. We cannot discern how the probate court reached its conclusion because it did not hold a hearing nor did it state any findings to support its decision. Therefore, the probate court did not adequately justify its reduction in appellant's requested fees. Accordingly, appellant's assignments of error have merit.
 {¶ 30} For the reasons stated above, the probate court's judgment is hereby reversed and remanded for the court to hold a hearing on the reasonableness of appellant's requested fees.
Vukovich, J., DeGenaro, J., concurs.