The STATE of Ohio, Appellee,

v.

WHITFIELD;  R.L. Emmons & Associates, Appellant.

[Cite as *State v. Whitfield*, 167 Ohio App.3d 211, 2006-Ohio-3044.]

Court of Appeals of Ohio,
Second District, Montgomery County.

No. 21197.

Decided June 16, 2006.

Johnna M. Shia, for appellee.

Dennis A. Lieberman, for appellant.

DONOVAN, Judge.

{¶ 1} Appellant Richard Emmons appeals from a decision of the trial court that overruled his motion for payment of professional services and reduced the sum he

requested to be paid by approximately half. Emmons was originally hired by counsel for the defense as a private investigator in defendant Kristopher E. Whitfield's death-penalty case. Emmons filed a notice of appeal with this court on August 5, 2005.

I

{¶ 2} On August 29, 2003, Whitfield was indicted for several crimes, including aggravated murder with accompanying death specifications. On October 10, 2003, defense counsel filed a motion with the trial court requesting permission to retain the services of a private investigator to aid in Whitfield's case. On October 14, 2003, the trial court issued an order granting defense counsel's request to employ a private investigator from Emmons's office. The trial court's order contained no mention of the monetary rate at which Emmons was to be paid, nor did the order set a limit on the total amount Emmons could charge for his services.

{¶ 3} Whitfield subsequently entered guilty pleas to several counts of the indictment on September 14, 2004, and received a sentence of life in prison with parole eligibility after 40 years. On February 22, 2005, Emmons's private counsel filed a motion with the trial court requesting payment for Emmons's services totaling $15,497.67 as well as a request for a hearing. The state filed a memorandum in opposition to Emmons's motion for full payment on June 29, 2005. In an order filed on July 7, 2005, the trial court held that "the previously approved amount of seven thousand five hundred dollars ($7,500) is reasonable and appropriate compensation for the professional services provided [by Emmons] in this case." Moreover, the trial court implicitly denied Emmons's request for a hearing to establish that his services were reasonable and necessary.

{¶ 4} It is from this judgment that Emmons now appeals.

II

{¶ 5} Emmons's sole assignment of error is as follows:

{¶ 6} "The trial court erred in overruling R.L. Emmons' post trial motion for payment of professional services:

{¶ 7} "A) The court authorized employment with no monetary limits.

{¶ 8} "B) The court paid an arbitrary figure with no rational reason.

{¶ 9} "C) The denial of full payment contradicts the Ohio Revised Code.

{¶ 10} "D) The denial of full payment is unconstitutional."

{¶ 11} In his sole assignment, Emmons contends that the trial court abused its discretion when it arbitrarily, and without a hearing, decided to reduce the

amount payable to him from $15,497.67 to $7,500 for his professional investigatory services.

{¶ 12} Initially, it should be noted that since Emmons is not an actual party to this case, this appeal presents us with a unique situation. It is not a regular occurrence for an investigator in a death-penalty case to retain private counsel and to appeal the trial court's ruling. Normally, this matter would be pursued by the appointed counsel authorized to hire the investigator. However, since neither the trial court nor the state raised this issue at the trial level, we will not address it further, recognizing the importance of insuring that indigent defendants are adequately represented.

{¶ 13} The state argues that the order from which Emmons appeals is not a final appealable order, and thus, is not properly before this court. Ostensibly, Emmons's only other recourse would be to file a civil suit in an attempt to recoup his unpaid bill. After reviewing the nature of his claim, we find that Emmons may appeal the trial court's ruling. We note that Whitfield's case has been fully adjudicated, and Emmons's claim arises from Whitfield's defense. We find that the denial of Emmons's motion for payment of professional services is a final appealable order which is properly before this court.

{¶ 14} R.C. 2929.024 states:

{¶ 15} "If the court determines that the defendant is indigent and that investigation services, experts, or other services are reasonably necessary for the proper representation of a defendant charged with aggravated murder at trial or at the sentencing hearing, the court shall authorize the defendant's counsel to obtain the necessary services for the defendant, and shall order that payment of the fees and expenses for the necessary services be made * * *."

{¶ 16} Additionally, Montgomery C.P. Loc.R. 3.11(III)(E) states:

{¶ 17} "*Expenses.* Reimbursement (payment) for reasonable expenses associated with providing representation shall be made when submitted with the attorney's completed pay packet and approved by the Court. Expenses include, but are not limited to, such items as expert witness fees, polygraph examination costs, long distance phone calls, photocopying, certain travel expenses, and other necessary items as approved in the discretion of the Court." (We note that appointed counsel did comply with the rule by submitting Emmons's bill with the completed pay packet.)

{¶ 18} This section of Loc.R. 3.11 is subject to Appendix J of the Local Rules which provides that the maximum reimbursement for representation in trial-level cases involving a death-penalty specification is $75,000.

{¶ 19} With the exception of Emmons, the trial court authorized full payment for both of Whitfield's defense counsel as well as Dr. Douglas Mossman, who

provided a psychiatric evaluation of Whitfield. In fact, Dr. Mossman received $8,401.50, representing services rendered at a rate of $270 per hour. We note that this order appointing Dr. Mossman was specific as to an hourly rate, unlike the order appointing Emmons. In fact, Emmons's hourly rate of $50 per hour is considerably less.

{¶ 20} Further, the trial court authorized full payment of extraordinary fees and expenses to lead defense counsel in the amount of $34,765.21, and full payment of extraordinary fees and expenses to co-counsel in the amount of $9,300. Even if the trial court had authorized full payment to Emmons for his investigatory services in the amount of $15,497.67, the total amount payable by the court for services and expenses would have totaled $67,694.38. That amount is well below the $75,000 assigned-counsel-fees cap set forth in Appendix J of Loc.R. 3.11 for cases with death-penalty specifications.

{¶ 21} As previously mentioned, the trial court did not conduct a hearing to evaluate whether Emmons's services as billed were reasonable and necessary. More important, the trial court's rationale for reducing Emmons's fees by half is not supported in the record. The record is devoid of any hourly rate or cap of $7,500 on Emmons's fees. In its decision reducing Emmons's fees, the trial court states that "the previously approved amount of seven thousand five hundred dollars ($7,500) is reasonable and appropriate compensation for the professional services provided in this case." However, as stated, there is no evidence in the record which demonstrates that the parties agreed that Emmons's fees were to be fixed at $7,500. That amount cannot be found in the local rule, nor was it journalized at the time Emmons was appointed to Whitfield's case. Simply put, the record does not support the finding made by the trial court.

{¶ 22} In light of the foregoing, we hold that the trial court erred when it arbitrarily reduced the amount of compensation Emmons requested from $15,497.67 to $7,500. While the trial court has broad discretion in determining the amount owed to Emmons for his services, it was error for the court to make that determination without a hearing. Thus, this matter is remanded to the trial court for a hearing to be conducted on Emmons's motion for payment of professional services.

### III

{¶ 23} Emmons's sole assignment of error having been sustained, the judgment of the trial court is reversed, and this matter is remanded for hearing on Emmons's motion for payment of professional services.

Judgment reversed
and cause remanded.

BROGAN and WOLFF, JJ., concur.