[Cite as *State v. Weimer*, 2014-Ohio-1354.]

# IN THE COURT OF APPEALS

# ELEVENTH APPELLATE DISTRICT

# LAKE COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | **O P I N I O N** |
| Plaintiff-Appellee, | : | |
| - vs - | : | **CASE NO. 2013-L-022** |
| DANNA WEIMER, | : | |
| Defendant, | : | |
| (AARON T. BAKER, | : | |
| Appellant). | : | |

Criminal Appeal from the Lake County Court of Common Pleas.
Case No. 12 CR 000426.

Judgment: Affirmed.

*Charles E. Coulson*, Lake County Prosecutor, and *Teri R. Daniel*, Assistant Prosecutor, Lake County Administration Building, 105 Main Street, P.O. Box 490, Painesville, OH 44077 (For Plaintiff-Appellee).

*Aaron T. Baker, Esq.*, pro se, 38109 Euclid Avenue, Willoughby, OH 44094 (Defendant-Appellant).

TIMOTHY P. CANNON, P.J.

{¶1} Appellant, Attorney Aaron T. Baker, appeals from the February 4, 2013 judgment of the Lake County Court of Common Pleas, granting his motion for extraordinary fees, in part, and reducing his attorney fees without a hearing. Based on the following, we affirm.

{¶2} Baker's client, Defendant Danna Weimer, was arrested on June 13, 2012, and initially charged with murder and burglary.[1] The docket reflects that on July 27, 2012, Baker filed a motion asking that he be appointed to represent Weimer. That motion was granted by the trial court on August 3, 2012. On August 14, 2012, an indictment was filed. After the case was bound over from the Painesville Municipal Court, the 17-count indictment was returned by the grand jury charging Weimer with offenses ranging from various misdemeanors to engaging in a pattern of corrupt activity, aggravated burglary, and aggravated murder. Baker represented Weimer at a suppression hearing on two separate motions. No speedy trial waiver was filed, and a jury trial commenced on October 1, 2012, which lasted until a guilty verdict was rendered two weeks later. Weimer was sentenced on December 13, 2012.

{¶3} The next day, Baker filed a motion for extraordinary fees in the amount of $15,089, which included $87 in expenses. In his very detailed motion, Baker asserted the following: the indictment was comprised of 17 counts, from various misdemeanors to engaging in a pattern of corrupt activity, aggravated burglary, and aggravated murder; he spent a great deal of time parsing the language in the indictment and comparing it with various pieces of discovery, in addition to conducting extensive research; discovery provided by the state was the most voluminous that he has ever encountered in any type of case; he viewed 48 hours of home surveillance video as well as a good deal of video from other locations pertinent to this case; he listened to hours of audio recordings on multiple occasions of every witness interview conducted; various law enforcement who worked on the case provided dozens of pages of reports; he visited the various scenes, which spanned from the western portion of Ashtabula

---

1. Weimer is not a party to this appeal.

2

County into the eastern portion of Cuyahoga County, and conducted interviews with numerous witnesses; in an extremely short period of time, he prepared for a full afternoon motion hearing; he spent many hours preparing for trial over the course of a relatively short period of time, as a waiver of speedy trial was not filed; he spent approximately 11 business days in a jury trial and pulled two "all-nighters" during that time period; he requested compensation for only the most substantial expenses incurred in this case, related to phone calls received from Weimer at his office; he performed all necessary functions on his own, without any assistance from a defense investigator, co-counsel, and/or paralegal, and he did not request any expert witness assignments, which might ordinarily be expected in a case of this magnitude; the court has seen his fee bills in the past, which have always been accurate and never inflated; and every minute recorded in the present fee bill was properly earned. Baker attached an affidavit to his motion averring to the foregoing facts under oath, along with a "Motion, Entry, and Certification for Appointed Counsel Fees" and an itemized fee statement.

{¶4} On February 4, 2013, the trial court granted Baker's motion for extraordinary fees in part and awarded attorney fees in the amount of $8,000 plus expenses. No hearing was held. In its judgment, the trial court stated: "The court has considered [Baker's] motion for extraordinary fees, filed December 14, 2012. The motion is well-taken and is hereby granted in part. The Lake County Auditor is hereby ordered to pay the sum of $8,000.00 plus $87.00 in expenses to Aaron T. Baker, Esq."

{¶5} It is from this judgment that Baker filed a timely appeal and asserts the following assignment of error:

{¶6} "The trial court abused its discretion in summarily reducing undersigned counsel's assigned counsel fees by nearly one half the amount earned without a hearing."

{¶7} We review a trial court's decision regarding attorney fees for abuse of discretion. *Cefaratti v. Cefaratti*, 11th Dist. Lake Nos. 2008-L-151 & 2009-L-055, 2010-Ohio-5661, ¶40, citing *Moore v. Moore*, 175 Ohio App.3d 1, 20 (6th Dist.2008). An abuse of discretion is the trial court's "failure to exercise sound, reasonable, and legal decision-making." *State v. Beechler*, 2d Dist. Clark No. 09-CA-54, 2010-Ohio-1900, ¶62, quoting *Black's Law Dictionary* 11 (8th Ed.2004) 11.

{¶8} R.C. 2941.51 provides, in pertinent part and emphasis added:

(A) Counsel appointed to a case or selected by an indigent person under division (E) of section 120.16 or division (E) of section 120.26 of the Revised Code, or otherwise appointed by the court, except for counsel appointed by the court to provide legal representation for a person charged with a violation of an ordinance of a municipal corporation, shall be paid for their services by the county the compensation and expenses that the trial court approves. Each request for payment shall be accompanied by an affidavit of indigency completed by the indigent person on forms prescribed by the state public defender. *Compensation and expenses shall not exceed the amounts fixed by the board of county commissioners pursuant to division (B) of this section.*

(B) The board of county commissioners shall establish a schedule of fees by case or on an hourly basis to be paid by the county for legal services provided by appointed counsel. Prior to establishing such schedule, the board shall request the bar association or associations of the county to submit a proposed schedule. The schedule submitted shall be subject to the review, amendment, and approval of the board of county commissioners.

{¶9} Here, Baker filed a motion with the trial court requesting to be appointed as counsel. In accord with the statute, the Board of County Commissioners for Lake County, Ohio, established a fee schedule for attorneys appointed to represent indigent

4

defendants. *See* R.C. 120.33. The fee schedule for the representation of indigent persons is based on the highest degree of offense charged. In the instant case, because Weimer was charged with aggravated murder, an unclassified felony without the death penalty specification, Baker was entitled to $40 per hour for work performed outside of court and $50 per hour for representation in court, with a maximum compensation of $6,000. The Lake County fee schedule provides that extraordinary fees and expenses may be granted: the maximum compensation may be increased "because of extraordinary complex issues involved, multiple cases or offenses, lengthy trials, or other reasons."

{¶10} Baker requested extraordinary fees in the amount of $15,089, which is beyond the maximum award allowable. Without holding a hearing, the trial court awarded Baker $8,000 plus his expenses of $87. On appeal, Baker maintains it was an abuse of discretion to summarily reduce his requested fees without explanation. Baker asserts that allowing trial courts to reduce requested fees without explanation will prevent criminal defendants from receiving "the constitutionally-guaranteed adequate assistance of counsel, or in the alternative, the unconstitutional taking of the assigned attorney's property." Baker, however, fails to assert any authority to support this position. Further, attorneys are bound to render effective assistance of counsel in the course of representing a criminal defendant. *See State v. Bryant*, 6th Dist. Lucas No. L-84-249, 1985 Ohio App. LEXIS 8861, *9 (Oct. 18, 1985).

{¶11} In support of his assignment of error, Baker cites to *State v. Torres,* 174 Ohio App.3d 168 (8th Dist.2007) and *State v. Whitfield*, 167 Ohio App.3d 211 (2d Dist.2006). Both cases are distinguishable. In *Torres*, the Eighth District Court of

5

Appeals addressed an issue with fees due to expert witnesses in a capital case. The trial court denied over $30,000 in fees claimed by eight professionals. The trial court approved some fees in full, partially approved others, and denied the remainder. The *Torres* Court remanded the case to the trial court to hold a hearing. In *Whitfield*, the Second Appellate District addressed a request for payment of services by a private investigator and also determined the trial court should have held a hearing.

{¶12} Here, Baker requested that he be appointed to represent Weimer. "Counsel who accept appointment as court-appointed attorneys implicitly accept the fee schedule approved by the county commissioners and are bound by that schedule." *In re Ashton*, 6th Dist. Sandusky No. S-03-003, 2003-Ohio-3092, ¶3. Baker was aware, based on the highest offense charged, that the approved fee schedule allowed a maximum compensation of $6,000. Unlike the situation in *Whitfield,* where the trial court reduced fees "well below the $75,000.00 assigned counsel fees cap," the trial court awarded Baker fees *beyond* the maximum reimbursement for representation. *Whitfield* at 214.

{¶13} In this case, Baker has not challenged the propriety of the adopted fee schedule. He has simply asserted that the trial court abused its discretion, in particular because it failed to hold a hearing and explain the basis for its award. At oral argument, Baker acknowledged that his motion contained sufficient detail such that a hearing would serve only to reiterate what was submitted in writing.

{¶14} The trial court is clearly in the best position to make an assessment of the reasonableness of a request for extraordinary attorney fees in cases such as this. The trial court has participated in pretrial discussions, is familiar with plea negotiations, and

has observed the relative efficiencies and decision making related to trial counsel's performance. Given the record of this case, we cannot say the trial court abused its discretion in entering its judgment.

{¶15} Based on the foregoing, appellant's sole assignment of error is not well-taken. The judgment of the Lake County Court of Common Pleas is hereby affirmed.

DIANE V. GRENDELL, J., concurs,

COLLEEN MARY O'TOOLE, J., dissents with a Dissenting Opinion.

_____

COLLEEN MARY O'TOOLE, J., dissents with a Dissenting Opinion.

{¶16} I respectfully dissent.

{¶17} The majority holds that the trial court did not abuse its discretion in reducing Baker's attorney fees without a hearing. For the following reasons, I disagree.

{¶18} We review a trial court's decision regarding attorney fees for abuse of discretion. *Cefaratti*, *supra*, at ¶40, citing *Moore, supra*, at ¶80. Regarding this standard, we recall the term "abuse of discretion" is one of art, connoting judgment exercised by a court which neither comports with reason, nor the record. *State v. Ferranto*, 112 Ohio St. 667, 676-678 (1925). An abuse of discretion may be found when the trial court "applies the wrong legal standard, misapplies the correct legal standard, or relies on clearly erroneous findings of fact." *Thomas v. Cleveland*, 176 Ohio App.3d 401, 2008-Ohio-1720, ¶15 (8th Dist.2008).

7

{¶19} Regarding attorney fees, this court stated in *In re Murray*, 11th Dist. Trumbull No. 2004-T-0030, 2005-Ohio-1892, ¶26:

{¶20} "The [trial] court is not bound to follow any precise formula in determining the reasonableness of fees. However, for this court to be able to conduct any meaningful review of the trial court's exercise of its discretion, we must be able to discern some basis for its decision. * * * Without understanding the basis for the [trial] court['s] reduction of [attorney] fees, our affirmance would be nothing more than a 'rubber stamp' of that decision."

{¶21} Thus, a trial court is required to conduct a hearing and articulate its reasons before reducing attorney fees. *In re Murray, supra,* at ¶25; *In re Campbell*, 7th Dist. Mahoning Nos. 02 CA 186 and 02 CA 187, 2003-Ohio-7040, ¶26; *In re Simballa*, 7th Dist. Mahoning No. 05-MA-8, 2005-Ohio-5934, ¶29; *State v. Torres*, 174 Ohio App.3d 168, 2007-Ohio-6651, ¶26 (8th Dist.2007) (holding, in a criminal case involving aggravated murder, aggravated robbery, and aggravated burglary, that it was an abuse of discretion to reduce, limit, and deny certain expert expenses *and assigned counsel's attorney fees* without a hearing).

{¶22} In this case, we cannot discern how the trial court reached its conclusion because it did not hold a hearing nor state any findings to support its decision. On February 4, 2013, the trial court granted Baker's motion for extraordinary fees in part and reduced his attorney fees from $15,089 to $8,087 without a hearing. The entirety of the trial court's judgment entry is as follows:

{¶23} "The court has considered [Baker's] motion for extraordinary fees, filed December 14, 2012. The motion is well-taken and is hereby granted in part. The Lake

8

County Auditor is hereby ordered to pay the sum of $8,000.00 plus $87.00 in expenses to Aaron T. Baker, Esq.

{¶24} "IT IS SO ORDERED."

{¶25} The trial court did not adequately justify its reduction in Baker's requested fees. In light of the foregoing, this writer believes that the trial court erred in reducing the amount Baker requested from $15,089 to $8,087 without a hearing. While the trial court has broad discretion in determining the amount owed to Baker for his services, I believe it was error for the court to make that determination without a hearing and without articulating any reasons. Therefore, I would reverse and remand.

{¶26} I respectfully dissent.