[Cite as *State v. C.W.*, 2019-Ohio-2058.]

| | | | |
|---|---|---|---|
| STATE OF OHIO | ) | | IN THE COURT OF APPEALS |
| | )ss: | | NINTH JUDICIAL DISTRICT |
| COUNTY OF WAYNE | ) | | |

STATE OF OHIO

    Appellee

    v.

C. W.

    Defendant

    and

STEVE KNOWLING

    Appellant

C.A. No.     18AP0020

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF WAYNE, OHIO
CASE No.     2016 CRC-I 000399

DECISION AND JOURNAL ENTRY

Dated: May 28, 2019

SCHAFER, Presiding Judge.

{¶1}  Appellant, Steve Knowling, trial counsel for the defendant in the underlying criminal matter, appeals from the March 19, 2018 judgment entry of the Wayne County Court of Common Pleas approving Mr. Knowling's application for appointed counsel fees but reducing the amount of fees requested, and the subsequent April 3, 2018 order denying Mr. Knowling's motion to reconsider.  For the reasons that follow, we affirm.

I.

{¶2}  Defendant, C.W.[1], was indicted on September 27, 2016, for one count of unlawful sexual conduct with a minor in violation of R.C. 2907.04(A), a felony of the fourth degree.  C.W.

---

[1] C.W. is not a party to this appeal.

appeared for arraignment, without counsel, on December 28, 2016. The trial court entered a plea of not guilty on C.W.'s behalf, and appointed the public defender as counsel for defendant.

{¶3} The assigned public defender filed a motion to withdraw as counsel on January 3, 2017, citing a conflict of interest. The trial court approved the motion to withdraw as counsel, and appointed counsel for C.W. on January 6, 2017. Thereafter, C.W. informed the trial court that he wished to hire his own attorney. On June 27, 2017 the trial court noted C.W.'s request for the appointment of counsel during a pretrial, and again appointed the public defender to represent him. Once again, the public defender moved to withdraw as counsel based on a conflict of interest. The trial court granted the motion to withdraw and, on June 21, 2017, appointed Mr. Knowling to represent C.W.. The matter was set for trial but, ultimately, C.W. changed his plea to guilty as to an amended count of importuning in violation of R.C. 2907.07(B)(1), a felony of the fifth degree. The trial court accepted C.W.'s plea and entered his conviction on February 23, 2018.

{¶4} On March 16, 2018, Mr. Knowling filed a motion, entry, and certification for appointed counsel fees. In his application, Mr. Knowling requested a total of $2,056.00 in appointed counsel fees and provided an itemized fee statement and summary of work performed. The trial court approved the fee application on March 19, 2018, but the judge reduced the amount of the fee to $500.00. Mr. Knowling then filed a motion to reconsider the judgment entry reducing assigned counsel fees without explanation or, in the alternative, seeking extraordinary fees in the amount of $2,056.00. The trial court denied the motion to reconsider and stated: "The fee requested by counsel was excessive and completely out of proportion to those requested by other assigned counsel in similar cases."

**{¶5}** Mr. Knowling appealed from the judgment entry raising one assignment of error for our review.

II.

**<u>Assignment of Error</u>**

**The trial court abused its discretion by summarily reducing assigned counsel's fee request by seventy-five percent without holding a hearing to determine whether counsel's services were reasonable and necessary.**

**{¶6}** An appellate court reviews the trial court's decision regarding appointed counsel fees for an abuse of discretion. *State v. Weimer*, 11th Dist. Lake No. 2013-L-022, 2014-Ohio-1354, ¶ 7. An abuse of discretion is more than an error of judgment; it means that the trial court was unreasonable, arbitrary, or unconscionable in its ruling. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, (1983). When applying this standard, a reviewing court is precluded from simply substituting its own judgment for that of the trial court. *Pons v. Ohio State Med. Bd.*, 66 Ohio St.3d 619, 621 (1993).

**{¶7}** Mr. Knowling filed his initial application seeking appointed counsel fees totaling $2,056.00, along with documentation to show the time he expended and services he performed. Without explanation for the reduction in fees, the trial judge simply crossed off the amount Mr. Knowling requested, and wrote in and initialed $500.00 as the approved amount. Thereafter, the trial court denied Mr. Knowling's motion for reconsideration and explained that it found his request to be "excessive" and disproportionate to fees requested for similar work performed.

**{¶8}** On appeal, Mr. Knowling asserts that the trial court abused its discretion by disallowing the full amount of the fees without a hearing to determine reasonableness or necessity. He contends that he was denied the opportunity to establish that the time he expended was essential to an effective defense because, without a hearing, he "was unable to present any

evidence or make an argument in support of his assigned counsel fee application[.]" In the absence of a hearing, Mr. Knowling contends, "there can be no independent analysis of whether the fees requested were reasonable and necessary."

{¶9} Counsel appointed by the court to represent an indigent person "shall be paid by the county" for their services and shall receive "compensation and expenses that the trial court approves." R.C. 2941.51(A); R.C. 120.33(A)(4). Further, R.C. 2941.51(B) provides that the board of county commissioners must establish a schedule of fees, either per case or on an hourly basis, for the payment of services provided by appointed counsel. "Compensation and expenses shall not exceed the amounts fixed by the board of county commissioners" in the schedule of fees. R.C. 2941.51(A).

{¶10} Mr. Knowling notes in his brief that the $2,056.00 in fees he requested "is less than the $3,000.00 maximum for a [third] degree felony set by the State Public Defender's Office." Aside from the fact that Mr. Knowling's client was not charged with a third-degree felony, but rather a felony of the fourth degree, Mr. Knowling avoids mention of the maximum fee schedule for assigned counsel established by the Board of County Commissioners for Wayne County. Pursuant to Wayne County's approved fee schedule, appointed counsel will be reimbursed a maximum of $40.00 per hour for out-of-court services and $50.00 per hour for in-court services. The maximum fee permitted for representation on a felony of the fourth degree is $1,500.00. We are compelled to point out that Mr. Knowling made his initial application to the trial court requesting fees in excess of $1,500.00 without an accompanying request for extraordinary fees. On appeal, however, Mr. Knowling has not challenged the applicability of the schedule to his request for fees, nor has he raised any issues regarding requests for extraordinary fees. We confine our analysis accordingly.

{¶11} Mr. Knowling has assigned as error the trial court's failure to hold a hearing prior to approving fees in an amount less that the requested $2,056.00. In support of his contention that a trial court must "conduct a hearing and articulate its reasons before reducing assigned counsel attorney fees[,]" Mr. Knowling cites to three probate court cases: *In re Estate of Murray*, 11th Dist. Trumbull No. 2004-T-0030, 2005-Ohio-1892; *In re Guardianship of Simballa*, 7th Dist. Mahoning No. 05-MA-8, 2005-Ohio-5934; *In re Estate of Campbell*, 7th Dist. Mahoning Nos. 02 CA 186 and 02 CA 187, 2003-Ohio-7040. However, each of these cases involved a probate court's allowance of reasonable attorney fees paid by the executor or administrator of an estate pursuant to R.C. 2113.36 and, are simply inapposite in our review of fees awarded pursuant to R.C. 2941.51. Additionally, Mr. Knowling directs us to *State v. Whitfield*, 167 Ohio App.3d 211, 2006-Ohio-3044, (2d Dist.) and *State v. Torres,* 174 Ohio App.3d 168, 2007-Ohio-6651, (8th Dist.) for the proposition that a trial court abuses its discretion when it limits fees without holding a hearing. *Whitfield* and *Torres* are likewise inapplicable to the present matter. Those cases addressed issues concerning a trial court's approval of expert witness fees and private investigator's fees pursuant to R.C. 2929.02, but the appointed counsel fees at issue in the present case were not implicated in *Whitfield* or *Torres*.

{¶12} We conclude that Mr. Knowling's reliance on the aforementioned cases is misplaced. Although payment for appointed counsel's services is required by statute and the maximum fee is established by the relevant fee schedule, the actual amount of the compensation is left to the trial court's discretion. *See State ex rel. Martin v. Corrigan*, 25 Ohio St.3d 29, 31 (1986). Mr. Knowling has not provided any relevant authority to support his claim that the trial court was required to hold a hearing before exercising its discretion to approve appointed counsel fees in an amount less than counsel requested. In a case such as this, the trial court is "clearly in

the best position to make an assessment of the reasonableness of a request for extraordinary attorney fees[,]" having observed the pretrial discussions, plea negotiations, the substantial legal issue Mr. Knowling alleges required extensive legal review, and "the relative efficiencies and decision making related to trial counsel's performance." *Weimer*, 2014-Ohio-1354 at ¶ 14.

**{¶13}** This Court does not doubt that Mr. Knowling expended the amount of time that he deemed necessary to present an effective defense for his client. However, by accepting appointment as counsel in this matter, Mr. Knowling impliedly accepted and agreed to be bound by the fee schedule. *See In re Ashton B.*, 6th Dist. Sandusky No. S-03-003, 2003-Ohio-3092, ¶ 3. We are not insensitive to the reality that appointed counsel are quite often inadequately compensated for their services. Nevertheless, based on the foregoing, we cannot say the trial court abused its discretion by entering its judgment approving a reduced amount of fees without conducting a hearing. Mr. Knowling's assignment of error is overruled.

III.

**{¶14}** Mr. Knowling's sole assignment of error is overruled. The judgment of the Wayne County Court of Common Pleas is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Wayne, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

JULIE A. SCHAFER
FOR THE COURT

CALLAHAN, J.
CONCURS.

CARR, J.
DISSENTING.

{¶15} I respectfully dissent. I would dismiss this appeal for lack of a final, appealable order as this case does not involve a substantial right. As the majority explained, appointed counsel shall receive "compensation and expenses that the trial court approves." R.C. 2941.51(A). Although appointed counsel has a right to be paid by the county per R.C. 120.33(A)(4) to the extent that an amount is approved by the trial court, there is no substantial right to the approval of a sum certain.

APPEARANCES:

STEVE KNOWLING, Attorney at Law, pro se, for Appellant.

DANIEL R. LUTZ, Prosecuting Attorney, and NATHAN R. SHAKER, Assistant Prosecuting Attorney, for Appellee.