[Cite as *In re M.S.*, 2022-Ohio-1843.]

# COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

IN RE M.S.

[Appeal by GAL, Melanie Giamaria]

:
:
:
:
:
:

Nos. 110955 and 110956

JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** June 2, 2022

Civil Appeal from the Cuyahoga County Court of Common Pleas
Juvenile Division
Case Nos. AD21902787 and AD17919329

*Appearances:*

Melanie Giamaria, *pro se.*

Michael C. O'Malley, Cuyahoga County Prosecuting
Attorney, and Katherine E. Mullin, Assistant Prosecuting
Attorney, *for appellee.*

EMANUELLA D. GROVES, J.:

{¶ 1} In this consolidated appeal, appellate appointed counsel and guardian

ad litem ("GAL"), Melanie Giamaria ("Giamaria"),[1] appeals orders of the juvenile

---

[1] Although the notice of appeal states that M.S. and Z.G. respectively, filed the
instant appeal by and through their GAL and appointed counsel (Giamaria), the record
reflects that Giamaria, and not M.S. or Z.G., is prosecuting this consolidated appeal and

court denying her motions for extraordinary fees in two separate cases. For the reasons set forth below, we affirm.

## Procedural and Factual History

**In re Z.G.**

{¶ 2} On December 26, 2017, the Cuyahoga County Division of Children and Family Services ("CCDCFS" or "the agency") filed a complaint in the Cuyahoga County Common Pleas Court, Juvenile Division, for abuse, neglect, dependency, and for protective supervision to the agency. In the complaint, CCDCFS alleged, among other things, that K.G. ("Mother") had engaged in excessive and inappropriate discipline towards her son, Z.G., born December 4, 2009. Further, Z.G. had special needs that Mother was not appropriately addressing by failing to administer Z.G.'s medications, which was causing him to display aggressive and impulsive behavior.

{¶ 3} On May 26, 2020, following years of litigation, the juvenile court granted Mother's appointed counsel's motion to withdraw and issued an order appointing Giamaria as Mother's new counsel. The order stated that upon completion of Giamaria's services, she must submit an original itemized motion for appointed counsel fees and two copies of the services rendered in preparation for trial or other disposition of the case as well as other documentation required by the Assigned Counsel and GAL Fee Policy and Loc.R. 14 of the Cuyahoga County Court of Common Pleas, Juvenile Division ("Cuyahoga C.P. Loc.Juv.R.").

is the interested party. Neither M.S. nor Z.G. challenge the dispositions in the underlying matters and are not parties to this appeal.

{¶ 4} On September 29, 2021, Giamaria filed a motion for extraordinary fees. The motion stated that Giamaria expended a total of 65.8 hours, which included 59.9 out-of-court hours and 5.9 in-court hours, representing Mother.

{¶ 5} In her brief in support, Giamaria stated that

> [t]he case had been going on for approximately three years with several attorneys having tried to work with the client. The last attorney asked to be removed and I was asked to represent her. As a licensed attorney and licensed independent social worker supervisor in the State of Ohio, I used many different skills in order to help this client. After several motions for permanent custody, client had custody returned to her with court ordered supervision — a disposition most did not see possible. I worked very hard on this case with the goal of keeping a child out of the system and with a mother that loves him.

{¶ 6} Giamaria attached an itemized fee statement detailing the days of service and hours worked. Giamaria requested a total of $2,691 in extraordinary fees for her services as appointed counsel for Mother.

{¶ 7} On October 7, 2021, the juvenile court journalized an entry denying Giamaria's motion for extraordinary fees. The journal entry stated: "Upon review of the Motion, the Court finds said Motion is not well-taken." The juvenile court approved a total of $800 in fees for Giamaria's services as appointed counsel for Mother.

**In re M.S.**

{¶ 8} On April 8, 2021, CCDCFS filed a complaint for neglect and for temporary custody of M.S., born January 1, 2007, to the agency. The complaint alleged that M.S. had diabetes and has had several hospitalizations due to elevated sugar levels and that the mother had failed to ensure that M.S.' condition was

properly managed. Additionally, M.S. had been diagnosed with depression and treatment had been recommended, but the mother minimized the importance of treatment of the child's mental health.

{¶ 9} On April 13, 2021, the juvenile court issued an order appointing Giamaria as M.S.' GAL. The order provided that Giamaria could inspect, and copy records related to M.S., shall be notified of any hearings and proceedings concerning M.S., and shall comply with the Rules of Superintendence for the Courts of Ohio. The order stated that upon the completion of Giamaria's services, she must submit an itemized statement of her services and "all other documentation" pursuant to the Assigned Counsel and GAL fee policy and Cuyahoga C.P. Loc.Juv.R. 15(D).

{¶ 10} On September 20, 2021, Giamaria filed a motion for extraordinary fees. The motion stated that Giamaria expended a total of 36.2 hours, which included 30.2 out-of-court hours and 6 in-court hours, representing M.S.

{¶ 11} In her brief in support, Giamaria stated that

[t]his case has unique facts that require a GAL with the willingness to go over and above what is typically required. The child struggles with Juvenile Diabetes and behavioral issues that continually put her life in jeopardy. As a licensed attorney and licensed independent social worker supervisor in the State of Ohio, GAL used many different skills in order to help the child with an array of traumas while intensely working with a team of medical professionals at the Cleveland Clinic and trying to make recommendations in the child's best interest with very few resources available.

{¶ 12} Giamaria attached an itemized fee statement detailing the days of service and hours worked. Giamaria requested a total of $2,172 in extraordinary fees for her services as GAL for M.S.

{¶ 13} On October 7, 2021, the juvenile court journalized an entry denying Giamaria's motion for extraordinary fees. The journal entry stated: "Upon review of the Motion, the Court finds said Motion is not well-taken." The juvenile court approved a total of $1,000 in fees for Giamaria's services as M.S.' GAL.

{¶ 14} Giamaria now appeals both orders and assigns the following two errors for review:[2]

### Assignment of Error No.1

The trial court abused its discretion when it failed to award Appellant/GAL extraordinary fees due to the complexity of the case which required the specialized experience and skill set of Appellant/GAL.

### Assignment of Error No. 2

The trial court misled Appellant/GAL to believe that she would be fully compensated when she agreed to undertake this complex case at the specific request of the trial court.

### Law and Analysis

{¶ 15} For ease of discussion and because of their common basis in fact and law, we will address the assignments of error together. Also, although one order involves appointed counsel's fees and the other GAL's fees, the legal analysis will be the same. Collectively, Giamaria argues that the juvenile court abused its discretion when it failed to award extraordinary fees for her services in the respective cases.

---

[2] Except for the reference to the capacity in which Giamaria provided services in the respective matters — appointed counsel or GAL — the assignments of error are identical. Therefore, we will list only one set.

{¶ 16} We review a juvenile court's order regarding compensation to a GAL for abuse of discretion. *In re I.A.G.*, 8th Dist. Cuyahoga No. 103656, 2016-Ohio-3326, ¶ 22; *Robbins v. Ginese*, 93 Ohio App.3d 370, 372, 638 N.E.2d 627 (8th Dist.1994). "A decision is unreasonable if there is no sound reasoning process that would support that decision." *AAAA Ents. Inc. v. River Place Community Urban Redevelopment*, 50 Ohio St.3d 157, 161, 553 N.E.2d 597 (1990); *see also Ockunzzi v. Smith*, 8th Dist. Cuyahoga No. 102347, 2015-Ohio-2708, ¶ 9 ("'Abuse of discretion' is a term of art, describing a judgment neither comporting with the record, nor reason."). When applying this standard, a reviewing court is precluded from simply substituting its own judgment for that of the trial court. *Pons v. Ohio State Med. Bd.,* 66 Ohio St.3d 619, 621, 614 N.E.2d 748 (1993).

{¶ 17} Preliminarily, and applicable to the first of the two orders, Cuyahoga C.P. Loc.Juv.R. 14(D) addresses the compensation of assigned counsel in juvenile cases. It provides, in relevant part:

> (1) Assigned counsel shall be compensated in accordance with the Fee Bill Policy and Fee Schedule in effect at the time the attorney was appointed upon the filing of a Motion for Appointed Counsel Fees (Form OPD-206R and Form OPD1026R) and shall be compensated at the authorized rate for in-court and out-of-court time not to exceed the maximum fee cap in effect at the time of acceptance of the assignment.
>
> * * *
>
> (2) It shall be the responsibility of the assigned counsel to file an itemized and signed Form OPD-206R and to meet all requirements of the Cuyahoga County Juvenile Court Fee Bill Policy in effect at the time the fee bill is filed.

(3) If an assigned counsel files a motion for extraordinary fees with the Clerk of Court, it shall be referred to the assigned judge for review and approval of payment.

{¶ 18} Cuyahoga C.P. Loc.Juv.R. 15(D), applicable to the second order, addresses the compensation of GALs in juvenile cases. It provides, in relevant part:

(8) In cases where the State is ordered to pay Guardian ad litem fees, upon the filing of Form OPD-206R, compensation to the Guardian ad litem shall be paid in accordance with the Cuyahoga County Juvenile Court Fee Bill Policy and Fee Schedule in effect at the time the Guardian ad litem was appointed. The Guardian ad litem shall be compensated at the authorized rate for in-court and out-of-court time, not to exceed the maximum fee cap in effect at the time of acceptance of the assignment.

* * *

(11) It shall be the responsibility of the Guardian ad litem to file in triplicate (an original plus two copies) a completed and signed Form OPD-206R and to meet all requirements of the Cuyahoga County Juvenile Court GAL Fee Bill Policy in effect at the time the fee bill is filed.

(12) If a Guardian ad litem files a Motion for Extraordinary Fees with the Clerk of Court, it shall be referred to the assigned judge for review and processing. If approved by the assigned judge, the motion shall then be forwarded to the Administrative Judge for final approval of payment.

{¶ 19} Pursuant to the fee schedule in effect on May 26, 2020, when the juvenile court appointed Giamaria the legal counsel in the first matter, the hourly in-court rate was $50 and the hourly out-of-court rate was $40, with a cap of $400, which increased to $800 if the agency filed for permanent custody. On April 13, 2021, when the juvenile court appointed Giamaria GAL in the second matter, the fee schedule in effect provided for an hourly rate of $60, with a cap of $1,000.

{¶ 20} With the above framework in mind, we now address Giamaria's primary argument that the juvenile court abused its discretion in denying her two motions for extraordinary fees. Specifically, Giamaria contends extraordinary fees were justified in this case.

{¶ 21} Recently, in *In re M.H.*, 2021-Ohio-2777, 175 N.E.3d 1041 (8th Dist.), we addressed issues of similar vein. In *In re M.H.*, the juvenile court appointed legal counsel to represent a minor child in two juvenile cases. *Id.* at ¶ 2. The appointed counsel filed a motion for extraordinary fees, explaining why the unique circumstances of the case required an "extraordinary amount" of services. *Id.* at ¶ 4. The trial court denied appointed counsel's motion, stating, "[u]pon review of the [c]ourt file and the [m]otion, the [c]ourt finds said motion is not well taken. It is therefore ordered that said [m]otion is denied."

{¶ 22} In the instant case, like *In re M.H.*, Giamaria, who had also been assigned to provide services in two separate cases, filed motions for extraordinary fees. As previously outlined, in the briefs in support, Giamaria detailed why the specialized training she possessed and the exceptional services she provided, demanded an award of extraordinary fees.

{¶ 23} However, in *In re M.H.*, when declining to conclude that the juvenile court abused its discretion, we stated

> In this case, the juvenile court judge that presided over the juvenile delinquency proceedings reviewed counsel's motion for extraordinary fees, and, in considering appellant's motion, reviewed the "court file," was in the best position to determine whether appellant's request for extraordinary fees was reasonable and warranted. As noted above, this

court is precluded from merely substituting our judgment for the judgment of the juvenile court.

*Id.* at ¶ 23.

{¶ 24} Here, like in *In re M.H.*, the juvenile court considered the reasons Giamaria advanced in support of the motions for extraordinary fees and stated "[u]pon review of the Motion, the Court finds said Motion is not well-taken." Ostensibly, the juvenile court considered the itemized hours Giamaria spent on the two cases, before concluding that extraordinary fees were not warranted.

{¶ 25} Here, the juvenile court was in the best position to determine whether Giamaria's request for extraordinary fees was reasonable and warranted. In reaching this conclusion, we are not discounting the amount of time spent, energy consumed, and expertise utilized by Giamaria in these two cases. Yet, as previously noted, we are precluded from merely substituting our judgment for the judgment of the juvenile court. Again, as in *In re M.H.*, we decline to do that here.

{¶ 26} Secondarily, Giamaria argues she was misled into accepting the appointments and only accepted the assignments with the understanding that she would be fully compensated.

{¶ 27} However, counsel who accepts appointment as court-appointed attorneys impliedly accepts the fee schedule approved by the county commissioners and are bound by that schedule. *In re Ashton B.*, 6th Dist. Sandusky No. S-03-003, 2003-Ohio-3092, ¶ 3, citing *State v. Magruder*, 11th Dist. Geauga No. 1228, 1985 Ohio App. LEXIS 7281 (Sept. 27, 1985). Of note, Giamaria acknowledged, in her

brief, the prevailing fee schedule and the respective caps. Because Giamaria was cognizant of the fee parameters attendant to the services she was assigned to provide, we are unable to conclude that she was misled into accepting these appointments.

{¶ 28} We do, however, recognize the reality that appointed attorneys are not always compensated adequately for the services they provide to their clients. *In re M.H.*, 2021-Ohio-2777, 175 N.E.3d 1041, at ¶ 27, citing *In re C.W.*, 9th Dist. Wayne No. 18AP0020, 2019-Ohio-2058, at ¶ 13 ("[w]e are not insensitive to the reality that appointed counsel are quite often inadequately compensated for their services.").

{¶ 29} Upon consideration of the entire record, we find that the juvenile court's decision was not unreasonable, arbitrary, or unconscionable. The juvenile court's decision denying the motions for extraordinary fees does not constitute an abuse of discretion.

{¶ 30} Accordingly, we overrule Giamaria's assignments of error.

{¶ 31} Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the Cuyahoga County Common Pleas Court, Juvenile Division, to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
EMANUELLA D. GROVES, JUDGE

SEAN C. GALLAGHER, A.J., and
MARY J. BOYLE, J., CONCUR